IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES CRAIG JENNINGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 05 C 0974 |
| v. ) | |
| ) | |
| DEBBIE KELLER HILL, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| MULHERIN, REHFELDT & VARCHETTO, ) | |
| P.C., a necessary Party Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Plaintiff James Craig Jennings ("Plaintiff") filed this unjust enrichment action against Defendants Debbie Keller Hill ("Hill") and the law firm of Mulherin, Rehfeldt & Varchetto, P.C. ("Mulherin"). Plaintiff and Mulherin move to remand this matter to DuPage County Circuit Court pursuant to 28 U.S.C. § 1447(c). The Court grants Plaintiff's and Mulherin's motions to remand this case to state court.

### BACKGROUND

Plaintiff is a resident of the State of Illinois. (R. 5-1; Answer at 2, ¶ 1.) Hill is a resident of the State of North Carolina, while Mulherin is an Illinois corporation with its principal place of business in Wheaton, Illinois. (*Id.* at 2, ¶¶ 2,4.)

In August 1998, Plaintiff sought the legal services of Mulherin on behalf of his daughter

1

and Hill. (*Id.* at 1, ¶ 6.) Plaintiff entered into an oral agreement with Mulherin, obligating him to pay for Mulherin's legal work and expenses. (*Id.* at 2, ¶ 15.) Plaintiff alleges that he paid over $130,000 to Mulherin for legal services provided for both his daughter and Hill. (Compl. at 5, ¶ 17.) Outstanding fees, however, remain owed to Mulherin, totaling $48,799.32. (R. 5-1; Answer at 3, ¶ 39.) On January 14, 2005, Plaintiff filed this suit in DuPage County Circuit Court, alleging that his payment for Mulherin's services unjustly enriched Hill. (R. 1-2; Compl. at 7, ¶ 32.) Plaintiff joined Mulherin to this action, alleging that Mulherin was a necessary party with an interest in this controversy. (R. 1-2; Compl. at 8, ¶ 41.) Hill removed this action to this Federal Court, and Plaintiff and Mulherin now move the Court to remand this action back to DuPage County Circuit Court.

## ANALYSIS

Plaintiff and Mulherin move to remove this action to state court because Plaintiff and Mulherin are both Illinois residents and, therefore, complete diversity between the parties does not exist. In opposing the motion, Hill first argues that Mulherin's presence in this matter constitutes an improper or fraudulent joinder because Plaintiff is not able to assert an "actual claim or controversy" against Mulherin. Hill next argues that the Court should disregard Mulherin's nondiverse citizenship because Mulherin is a nominal party.

### I.  Legal Standard

Federal diversity jurisdiction requires complete diversity between the real and substantial parties in interest. 28 U.S.C. § 1332(a)(2). *See also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 580 n.2, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999). If diversity jurisdiction is challenged, the burden of proof remains on the party invoking federal court jurisdiction. *Chase v. Shop "N Save*

*Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 237 (7th Cir. 1995). In such a case, the court resolves all doubts as to the court's jurisdiction in plaintiff's favor. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993); *Peters v. AMR Corp.*, No. 95-C-588, 1995 WL 358843, at *1 (N.D. Ill. 1995); *Katonah v. USAIR*, 868 F.Supp. 1031, 1033 (N.D. Ill. 1994). Further, in considering an allegation of fraudulent joinder, the court may consider the entire record, not just the pleadings. *Peters*, No. 95-C-588, 1995 WL 358843, at * 2; *Poulos v. NAAS Foods, Inc.*, 132 F.R.D. 513, 517 (E.D. Wis. 1990).

## II. Hill's Fraudulent Joinder Argument

An out-of-state defendant may preserve federal jurisdiction by demonstrating that the plaintiff has fraudulently joined a nondiverse party to the action. *See Schwartz v. State Farm Mutual Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999); *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). *Also see In re Bridgestone/Firestone*, 260 F.Supp.2d 722, 726 (S.D. Ind. 2003). The party seeking removal bears the burden of proving that there is no reasonable possibility a plaintiff can state a cause of action against a nondiverse defendant in state court, or that there has been outright fraud in plaintiff's pleading of jurisdictional facts. *Schwartz*, 174 F.3d at 878; *Bridgestone/Firestone*, 260 F.Supp.2d at 726..

Hill has failed to demonstrate that Plaintiff cannot possibly establish a cause of action against Mulherin. *Polous*, 959 F.2d at 73. Hill contends that Plaintiff's complaint does not assert any right to recover fees from Mulherin and does not request relief from Mulherin. Plaintiff's Complaint, however, alleges that Mulherin unjustly enriched Hill by collecting fees from Plaintiff rather than Hill. (R. 1-2; Compl. at 7, ¶ 32, 38.) Plaintiff also seeks

3

reimbursement for legal fees which he paid Mulherin in excess of Plaintiff's share of the fees. (*Id.* at 7, ¶ A.) Hill also points to the fact that all parties acknowledge the debt owed to Mulherin, arguing that there is no real controversy involving Mulherin. A dispute remains, however, regarding which party will compensate Mulherin and whether Mulherin will partially reimburse Plaintiff for legal fees already paid to Mulherin. For these reasons, Hill has not satisfied its heavy burden of demonstrating that Plaintiff has failed to allege any possible cause of action against Mulherin. *See Schwartz*, 174 F.3d at 878.

### III. Hill's Nominal Party Argument

Hill next argues that even if Mulherin was not fraudulently joined, the Court should ignore its citizenship for purposes of diversity jurisdiction because it is a nominal party. In considering diversity jurisdiction, the court must disregard nominal parties and rest jurisdiction only upon the citizenship of real parties to the controversy. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980). Nominal parties have no interest in the subject matter litigated. *See S.E.C. v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991). A nominal party's presence in a suit is merely incidental, and "it is of no moment whether the one or the other side in [the] controversy succeeds." *Ampere Automotive Corp. v. Fullen*, No. 01-C-6818, 2001 WL 1268554, *3 (N.D. Ill. 2001) (quoting *Cherif*, 933 F.2d at 414).

Hill, as the party invoking federal jurisdiction, has failed to meet its heavy burden of demonstrating that Mulherin is a nominal party. *Nagy v. Berkshire Life Ins. Co. of America*, No. 03-C-2219, 2003 WL 22388911, at *2 (N.D. Ill. 2003) (citing *Polous*, 959 F.2d at 73). Both Plaintiff and Mulherin explain that Mulherin has an interest in collecting outstanding legal fees. (R. 5-1; Answer at 3, ¶ 39.) Mulherin's ownership interest in the outstanding fees constitutes a

legal interest in this litigation that defeats Hill's argument that Mulherin is nominal. *See Selfix, Inc. v. Bisk*, 867 F.Supp. 1333, 1335 (N.D. Ill. 1994) (holding that a nominal defendant "has no ownership interest in the property which is the subject of litigation"). Further, Plaintiff seeks reimbursement of money paid to Mulherin on behalf of Hill. Mulherin plainly has an ownership interest in fees already paid to it by Plaintiff. Hill cites several cases supporting the standard that courts must disregard nominal parties in considering diversity. Hill, however, does not explain why Mulherin's interest in collecting outstanding legal fees from Plaintiff and Hill is not a sufficient real interest in this litigation. Accordingly, Hill has failed to carry its burden of demonstrating that Mulherin is a nominal party to this action.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's and Mulherin's motions to remand this case to DuPage County Circuit Court.

Dated: May 3, 2005

ENTERED:

_____
AMY J. ST. EVE
United States District Court Judge